E-FILED
Wednesday, 05 February, 2014  09:36:57 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| LABORERS' LOCAL #231, LABORERS' ) <br> LOCAL #231 PENSION FUND, ) <br> LABORERS' LOCAL #231 HEALTH & ) <br> WELFARE FUND, LABORERS' LOCAL ) <br> #231, ANNUITY FUND, LABORERS' ) <br> LOCAL #231 , TRAINING TRUST ) <br> FUND, LABORERS' NATIONAL ) <br> HEALTH & SAFETY FUND, ) <br> LABORERS' EMPLOYERS' ) <br> COOPERATIVE EDUCATION TRUST, ) <br> MIDWEST REGION FOUNDATION ) <br> FOR FAIR CONTRACTING, ILLINOIS ) <br> LABORERS' LEGISLATIVE ) <br> COMMITTEE, LABORERS' LOCAL #231) <br> RETIREE COUNCIL, LABORERS' ) <br> LOCAL #231 INDUSTRY FUND, WEST ) <br> CENTRAL BUILDING TRADES FUND, ) <br> TRI COUNTY CONSTRUCTION LABOR ) <br> MANAGEMENT COUNCIL, MIDWEST ) <br> REGION ORGANIZING FUND, REAL ) <br> ESTATE MAINTENANCE FUND, ) <br> LABORERS' POLITICAL LEAGUE ) <br> FUND, LABORERS' NATIONAL ) <br> POLITICAL LEAGUE FUND, ) <br> ) <br>     Plaintiffs, ) <br> ) <br>        v. ) <br> ) <br> RUPE CONTRACTING INC., an Illinois ) <br> Corporation, JBR EARTHSCAPES INC., ) <br> an Illinois limited liability corporation, ) <br> and JOHN RUPE, Individually, ) <br> ) <br>     Defendants. ) | Case No.   12-cv-1216 |

# O R D E R   &   O P I N I O N

This matter is before the Court on Defendant, JBR Earthscapes Inc.'s (hereinafter "JBR") Motion for Summary Judgment (Doc. 24) and Plaintiffs' Motion To Stay Defendant's Motion For Summary Judgment (Doc. 25) pending the conclusion of discovery.[1] This case was originally filed on July 3, 2012. (Doc. 1) The case was stayed between September 24, 2012 and March 8, 2013 because of the then-pending bankruptcy of one of the defendants, Rupe Contracting, Inc. ("Rupe, Inc."). (Text Order, Sept. 24, 2012). After the case was reinstated, the Court entered a scheduling order on May 22, 2013 setting dates including a December 15, 2013 fact discovery cutoff. (Minute Entry, May 22, 2013, No. 12-cv-1216). Thereafter, it appears not much was done in the case until November 15, 2013, when Plaintiffs served JBR with requests for production and interrogatories. (Doc. 25 at 2). JBR never responded. Instead, JBR filed a motion for summary judgment on November 26, 2013. (Doc. 24). Fact discovery closed on December 15, 2013 with neither party moving the Court for an extension. Plaintiffs waited until December 18, 2013 to file their motion to stay JBR's motion for summary judgment. (Doc. 25).

## FACTUAL BACKGROUND

According to the Complaint (Doc. 1), Plaintiffs are employee benefit funds maintained and administered in accordance with provisions of the Labor

---

[1] On December 18, 2013, Plaintiffs filed what is styled an Affidavit to Stay Defendant's Motion for Summary Judgment Pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. (Doc. 25). That same day this Court issued a text order construing the affidavit as a motion and ordering Defendant to respond to Docket Entry 25. JBR did not file a response but instead filed a reply brief (Doc. 26) to its Motion for Summary Judgment although JBR does address the motion to stay summary judgment proceedings.

Management Relations Act of 1947, and Employee Retirement Income Security Act (as amended), 29 U.S.C. §1001 et seq. ("ERISA"). Plaintiffs operate for the benefit of a union, Laborers' Local #231 (the "Union"). The Union is party to a collective bargaining agreement (the "CBA") with Defendant, Rupe, Inc. The CBA incorporates into its provisions certain duties arising under the Labor Management Relations Act of 1947 and ERISA. One such duty is for Rupe, Inc. to pay contributions into the Plaintiffs' funds because Rupe, Inc. employed several of the Union's members as employees.

Plaintiffs allege Rupe, Inc. failed to make contributions in 2007 and such failure is the basis of this current action. The problem for Plaintiffs is Rupe, Inc. apparently became dissolved and incapable of making payments in 2008. Plaintiffs assert that JBR is a continuation of Rupe, Inc. and that JBR is liable for Rupe, Inc.'s pension debt obligations. Plaintiffs contend the following facts support a finding that JBR is a continuation of Rupe, Inc. JBR and Rupe, Inc. are, were in the case of Rupe, Inc., engaged in same business of performing excavation work. Rupe, Inc. transferred its assets to JBR. Shareholders of JBR knew that Rupe, Inc. owed Plaintiffs before it took Rupe, Inc.'s assets. Finally, John Rupe now works for JBR as a supervisor.

JBR has filed a motion for summary judgment and presented affidavits from Mr. Rupe and Judy Blumenstock.  The following facts come from those affidavits. Ms. Blumenstock is the sole officer and shareholder of JBR. Ms. Blumenstock has never been a shareholder, officer, or director of Rupe, Inc. Mr. Rupe has never been a shareholder, officer, or director of JBR. Mr. Rupe was the sole shareholder and

sole officer of Rupe, Inc. at all times relevant. JBR and Rupe, Inc. have never operated from the same plants.  JBR primarily performs excavations on farms and small commercial worksites while Rupe, Inc. performed excavations on residential developments and large commercial worksites. The difference in companies' relative worksite sizes caused each company to perform different types of services. Since its incorporation, JBR has only employed five employees who worked on behalf of Rupe, Inc. at some point in its last year of operation.

JBR also contends it has not acquired its assets from Rupe, Inc. directly. Rupe, Inc. possessed eighteen pieces of equipment, sixteen of which were sold to Martin Equipment of Illinois, Inc. ("Martin").  Martin turned around and sold two of the sixteen pieces that once belonged to Rupe, Inc. to JBR. Those two transactions were conducted at arm's length with the two pieces priced at market value.  JBR argues that these facts sufficiently demonstrate there is no basis to impose successor liability on it for debts owed by Rupe, Inc.

## DISCUSSION

Plaintiffs contend the case is not ripe for summary judgment because there is outstanding discovery pertinent to the Court's analysis on whether successor liability is appropriate for JBR. The following are some of the Plaintiffs' relevant requests for information presented to JBR:

1) Names of all sellers of construction equipment and of trucks, vehicles or trailers to JBR since its incorporation in October 2007;
2) Names of all lessors of construction equipment and of trucks, vehicles or trailers to JBR since October 2007;
3) Names of all providers of construction equipment and of trucks, vehicles or trailers to JBR who did not charge for the equipment's use;

4) Copies of all contracts for excavation and demolition work entered into by the Defendant since October 2007;

5) Documents showing all monies JBR paid to John Rupe since October 2007;

6) Copies of documents related to JBR's purchases of assets since October 2007;

7) Copies of all JBR's lease/rental agreements pertaining to the use of real property, construction equipment, trucks, vehicles and trailers since October 2007;

8) Copies of deeds and mortgages related to JBR's purchases of real property since October 2007; and

9) Copies of payroll records since October 2007 for supervisors.

(*See generally* Docs. 25-1 and 25-2). JBR has offered no reason why it has failed to either respond to the requests or produce the requested discovery. However, Plaintiffs have not moved to compel JBR to respond either. Apparently the parties have (incorrectly) construed the pending motion for summary judgment as a stay of their discovery obligations.

In any event, JBR is correct that discovery need not be completed before a party can move for summary judgment. Fed. R. Civ. P. 56(b); *Am. Nurses' Ass'n v. State of Ill.*, 783 F.2d 716, 729 (7th Cir. 1986). However, where a plaintiff can show that timely requested discovery is relevant to the existence of a genuine issue of material fact; there is no need to rule on the motion for summary judgment without allowing the plaintiff the opportunity to receive and review the requested discovery. *See Lamb's Patio Theatre, Inc. v. Universal Film Exchanges, Inc.*, 582 F.2d 1068, 1071 (7th Cir. 1978) (applying pre-2010 version of Rule 56(f) (citing *Willmar Poultry Co. v. Morton-Norwich Products, Inc.*, 520 F.2d 289, 297 (8th Cir. 1975)).

The controversy between JBR and Plaintiffs centers on whether JBR can be held liable for Rupe, Inc.'s unpaid pension contributions as a successor entity to Rupe, Inc. A successor entity can be held liable for its predecessor's debts only if

there are sufficient indicia of continuity between the two companies and the successor firm had notice of its predecessor's debts.[2] *Upholsterers' Int'l Union Pension Fund v. Artistic Furniture of Pontiac*, 920 F.2d 1323, 1329 (7th Cir. 1990). Such indicia of continuity includes: "the presence of the same management and employees; use of the same plant, machinery, and equipment at the successor company; as well as the successor company fulfilling or honoring the previous commitments or obligations initially undertaken by the predecessor company." *Cent. Laborers' Pension Fund v. Ivy Concrete Founds., Inc.*, No. 09-cv-3322, 2011 WL 4566444 (C.D. Ill. Sept. 30, 2011) (citing *Upholsterers'*, 920 F.2d at 1329).

JBR contends that Plaintiffs have only requested "additional time to conduct discovery on three issues: (i) verification of transfers of real estate from John Rupe to JBR Earthscapes; (ii) the last year of operation by Rupe Contracting; and (iii) the type of projects undertaken by JBR Earthscapes." (Doc. 26 at 3). The Court does not read Plaintiff's motion as asserting Plaintiffs need information pertaining to those three issues only. Rather, Plaintiffs simply identified those three issues as examples of how the information JBR presented in its summary judgment motion does not suffice to provide Plaintiffs with all the information they need to respond to the summary judgment motion. (Doc. 25 at 2).

The Court finds that some of the information identified by Plaintiffs in their November 15, 2013 discovery requests is squarely directed at the indicia of continuity identified above. For example, Plaintiffs seek the identities of all sellers and lessors of real property, construction equipment, trucks, vehicles and/or trailers

---

[2] JBR concedes it had notice of Rupe, Inc.'s unpaid pension obligations for purposes of its motion for summary judgment. (Doc. 24 at 4).

sold or leased to JBR since its incorporation in October 2007 and the details of any such transactions. (*See generally* Docs. 25-1 and 25-2). These requests are aimed at discovering information regarding any assets that were transferred to JBR by Rupe, Inc., either directly or indirectly. Plaintiffs also seek copies of all contracts for excavation and demolition work entered into by the Defendant since its incorporation in October 2007. (*Id.*). This information is relevant to whether JBR and Rupe, Inc. are engaged in the same or similar activities. Similarly, Plaintiffs' request for payroll records of supervisors is relevant to see if the companies utilized the same workforce. (*Id.*). The use of the same or similar workers is an indicator of continuity. *Upholsterers*, 920 F.2d at 1329.

JBR claims in its motion that several facts relevant to the continuity analysis are undisputed. This is a curious statement since Plaintiffs have not yet been able to gather discovery from JBR that would be useful for Plaintiffs to dispute or verify those facts. JBR has submitted affidavits by Mr. Rupe and Ms. Blumenstock, but Plaintiffs have not yet deposed these witnesses to test their knowledge and credibility.[3] Depositions aside, the fact remains that JBR has not responded to

---

[3] The Court is concerned that Plaintiffs do not have a genuine interest in deposing Ms. Blumenstock and Mr. Rupe at all given there has been no indication in the record that Plaintiffs have noticed depositions for these witnesses. Moreover, Plaintiffs state in their own motion that they did not serve the requests for written discovery until November 15, 2013 with fact discovery scheduled to close on December 15, 2013. (Doc. 25 at 2). There has been no docketed motion to extend the discovery deadlines in this case. Responses to requests for production and interrogatories are generally due within thirty days of service. Fed. R. Civ. P. 33 and 34. This means the responses to Plaintiffs' requests for written discovery were not due until the close of fact discovery. Presumably, Plaintiffs would have liked to receive the requested discovery and review it before conducting depositions. Thus, the Court is left to wonder when Plaintiffs were planning to depose Ms. Blumenstock and Mr. Rupe, if at all.

Plaintiffs' requests for discovery that sought information this Court deems relevant to the continuity analysis. For example, Plaintiffs' request for information relevant to the two companies' nature and scope of operations alone implicates a genuine issue of material fact in this dispute.

Since the Court agrees that Plaintiffs' discovery requests targeted information relevant to the issue of successor liability it would be premature for the Court to rule on JBR's motion for summary judgment until JBR has responded to Plaintiffs' requests and provided Plaintiffs with the requested information.[4]

### CONCLUSION

For the foregoing reasons, Plaintiff's Motion (Doc. 25) is GRANTED. Defendant JBR Earthscapes Inc.'s Motion for Summary Judgment (Doc. 24) is stayed. Defendant is ORDERED to respond to the outstanding discovery requests on or before February 28, 2014. Plaintiffs have twenty-one days thereafter to file a response to JBR's Motion for Summary Judgment (Doc. 24). This matter is REFERRED BACK to Magistrate Judge Gorman for any issues that arise relating to the production of the outstanding discovery. IT IS SO ORDERED.

Entered this 4th day of February, 2014.

s/ Joe B. McDade
_____
JOE BILLY McDADE
United States Senior District Judge

---

[4] Of course, if JBR believes some of Plaintiffs' requests are over broad or do not seek discoverable information they should seek to work out their differences with Plaintiff and ultimately seek recourse under Rule 26(c).